UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DWAYNE S. LEWIS**<br>  **LA. DOC # 538933**<br>**VS.** | **CIVIL ACTION NO. 3:15-cv-1181**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se petitioner Dwayne S. Lewis is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Union Parish Detention Center, Famerville, Louisiana. On March 18, 2015, he submitted a hand-written letter and exhibits to the United States District Court for the Middle District of Louisiana attesting to his conversion to Christianity and his request for the Court to reduce his 15 year sentence to 10 years. [Doc. 1] On April 10, 2015, the United States District Court for the Middle District of Louisiana construed his letter as a petition for habeas corpus pursuant to 28 U.S.C. §2254 and ordered the matter transferred to this Court for further proceedings. This matter was filed in the Monroe Division since petitioner is incarcerated in Union Parish and was assigned to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

*Statement of the Case*

On November 7, 2008, petitioner pled guilty to a charge of armed robbery and was sentenced to serve 15 years at hard labor by the Thirtieth Judicial District Court, Vernon Parish.

[Doc. 6, ¶1-6] He did not appeal [Id., ¶8] He apparently did not seek post-conviction relief in the District Court until sometime in 2014 when he filed a pro se "Motion for Out-of-Time Reconsideration of Sentence" in the Thirtieth Judicial District Court. Therein he asked the sentencing judge to reduce his sentence from 15 to 10 years.  On September 2, 2014, the District Judge denied the motion noting, "This Court does not have authority to amend this sentence." [Doc. 1-2, pp. 1-5]

As noted above, he submitted a hand-written letter and exhibits to the United States District Court for the Middle District of Louisiana on March 18, 2015, requesting a reduction in his sentence to 10 years. [Doc. 1] In his amended petition he alleged as grounds for relief that "All first time armed robbery offenders did not receive more than a 10 years sentence..."; and, "Prison is a place of Corrections with hopes that you become a better person." He concluded by requesting a reduction in his sentence to 10 years. [Doc. 6]

## *Law and Analysis*

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts provides, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  As noted in the Advisory Committee Notes, " ...  under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)."  As is shown hereinafter, petitioner's claims are subject to dismissal pursuant to Rule 4.

Title 28 U.S.C. §2254 provides in part that "... a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of

a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States..." Here, petitioner alleged no facts to suggest, much less to establish that he is in custody in violation of the Constitution or laws of the United States.

Further, even if his claim that first offenders ordinarily receive 10 year sentences were to be construed as a claim of Constitutionally excessive sentence, petitioner would still not be eligible for relief. Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking

[direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following November 7, 2008 (the date that petitioner was sentenced)[1] or, on or about December 7, 2008.  Petitioner had one year from that date, or until December 7, 2009, to file his federal *habeas* petition.  Petitioner cannot rely upon the tolling provision of Section 2244(d)(2) because he did not file a collateral attack of his sentence in the District Court until sometime in 2014, and by that time the limitations period had already expired and could not be revived, since, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.  *Villegas,* 184 F.3d 467.

Thus, it is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

Petitioner's efforts to rehabilitate himself are laudable. However, it is clear that he seeks clemency or commutation of sentence and not *habeas corpus* relief and clemency or commutation is available, if at all, only through the executive branch of government. See LSA-Const., Art. 4, §5(e).  Therefore,

*Conclusion and Recommendation*

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted and because petitioner's claims are barred by the one-year limitation period codified Tat 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

---

[1] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 11, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**